UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELVENIA LATSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 14-371 (RBW) |
| ERIC H. HOLDER, JR., Attorney General, U.S. DEPARTMENT OF JUSTICE, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

The plaintiff, Elvenia A. Latson, brings this civil action against Eric H. Holder, in his official capacity as the Attorney General of the United States Department of Justice, alleging that her employer, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATF") (a component of the Department of Justice, see Complaint ("Compl.") ¶ 4) discriminated against her on the bases of her race, sex, and color, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), see id. ¶¶ 1, 5-6, 28-37, her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 ("ADEA"), see id. ¶¶ 1, 28, and an alleged disability, in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-18b, see id. ¶ 1.[1]   The plaintiff further alleges that the defendant retaliated against her for

---

[1] While the plaintiff cites the Rehabilitation Act as a basis for the Court's jurisdiction, her Complaint does not allege discrimination based on a disability, and disability discrimination is not one of the Complaint's enumerated claims. See Compl. ¶ 1 ("Plaintiff Elvenia A. Latson was unlawfully discriminated against . . . on the basis of her race (African American), Sex (Female), Color (Black) and was further subjected to unlawful retaliation."). Similarly, the only reference to age discrimination in her Complaint is where she discloses the content of "forthcoming [Equal Employment Opportunity Commission] complaints." Id. ¶ 28. While the Court questions whether these claims have even been asserted by the plaintiff, the defendant has fully briefed its motion to dismiss

. . . (continued)

prior Equal Employment Opportunity ("EEO") activity, also in violation of Title VII. Id. ¶¶ 1, 6, 27-28, 38-40.  Currently before the Court is the defendant's Partial Motion to Dismiss ("Def.'s Mot.") the plaintiff's age, disability, and retaliation claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  See Defendant's Memorandum of Points and Authorities in Support of Partial Motion to Dismiss ("Def.'s Mem.") at 5-10.  For the following reasons, the Court concludes that it must grant the defendant's motion with respect to the plaintiff's claims of discrimination based on age and an alleged disability, but deny the motion with respect to the plaintiff's retaliation claim.[2]

## I.     BACKGROUND

The plaintiff, an African-American female, Compl. ¶ 1, has worked for the BATF since 1990 and is currently a GS-13 Industry Operations Investigator in the agency's Tallahassee Satellite Office of its Tampa Field Division, id. ¶ 10.  Between 2009 and 2010, the plaintiff applied for two vacant BATF Supervisory Industry Operations Investigator positions, the first located in Jacksonville, Florida, and the second located in Harrisburg, Pennsylvania.  Id. ¶¶ 11-13.  The plaintiff alleges that her name was "improperly omitted from the certified list of applicants" for both vacancies, id. ¶ 17, and that she was not selected for either position, id. ¶¶ 12-13.  According to the Complaint, the BATF selected two white males to fill both the Jacksonville and Harrisburg vacancies.  See id. ¶ 26.

---

. . . (continued)
with the assumption that the plaintiff has, in fact, alleged discrimination on these two additional bases, and the Court recognizes that "[a] pro se complaint," such as the plaintiff's, "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).  Therefore, in an abundance of caution, the Court will consider the defendant's motion as it pertains to these two claims.

[2] In addition to the documents previously referenced, the Court considered the following submissions in rendering this decision: (1) the Plaintiff's Memorandum of Points and Authorities in Opposition to [the] [B]ATF's Partial Motion to Dismiss Based on Disability, Age and Reprisal ("Pl.'s Opp'n"); and (2) the [B]ATF's Reply in Support of Partial Motion to Dismiss ("Def.'s Reply").

The plaintiff claims that she contacted an EEO counselor following her two non-selections, alleging "unlawful discrimination based on her race, sex, and unlawful retaliation for protected activities." Id. ¶ 6. Then, on December 30, 2009, the plaintiff filed an administrative EEO complaint alleging discrimination on the basis of her race and sex. Def.'s Mem., Exhibit ("Ex.") A (Formal EEO Complaint ("EEO Compl.")). On January 14, 2010, the plaintiff emailed her EEO counselor requesting to amend her EEO Complaint to allege discrimination based also on her "color . . . and . . . dialect." Def.'s Mem., Ex. B (Latson January 12, 2010 email ("January 2010 email")), at 1. On August 12, 2010, the plaintiff sent a second email to her EEO counselor to further amend her complaint and add claims for "constant harassment and retaliation." Def.'s Mem., Ex. C (Latson August 12, 2010 email ("August 2010 email")), at 1.

Following an EEO investigation conducted by the defendant, the Equal Employment Opportunity Commission ("EEOC") "issued a Decision in favor of the Agency on October 22, 2013." Compl. ¶ 7. On December 4, 2013, the Agency issued a Final Agency Decision affirming and adopting the EEOC's determination. Id. ¶ 8. The plaintiff subsequently brought this action alleging discrimination based on her race, sex, color, age, and a disability, and for retaliation resulting from her prior EEO activity. Id. ¶¶ 1, 28-40.

## II.   STANDARDS OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) permits a party to move to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). When a defendant moves to dismiss under Rule 12(b)(1), "the plaintiff[] bear[s] the burden of proving by a preponderance of the evidence that the Court has subject[-]matter jurisdiction." Biton v. Palestinian Interim Self-Gov't Auth., 310 F. Supp. 2d 172, 176 (D.D.C. 2004); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). A

court considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting [a] plaintiff the benefit of all inferences that can be derived from the facts alleged.'" Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)).  However, because the plaintiff has the burden of establishing the Court's jurisdiction, a "court must give [a] plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim." Byrum v. Winter, 783 F. Supp. 2d 117, 122 (D.D.C. 2011) (citing Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003)).

"Although 'the District Court may in appropriate cases dispose of a motion to dismiss for lack of subject[-]matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) on the complaint standing alone,' 'where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" Coal. for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992)).  Thus, "the district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

**B.  Federal Rule of Civil Procedure 12(b)(6)**

A Rule 12(b)(6) motion tests whether a complaint "state[s] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  While the Court must "assume [the] veracity" of any "well-pleaded factual allegations" in a complaint, conclusory allegations "are not entitled to the assumption of truth."  Id. at 679.  "A pro se complaint," such as the plaintiff's, "'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).  "But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'"  Id. (quoting Iqbal, 556 U.S. at 678-79).

"In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice."  Abhe & Svoboda, Inc. v. Chao, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (citation omitted).  And among the documents "subject to judicial notice on a motion to dismiss" are "public records."  Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004).  Thus, "[a] court may consider an EEOC complaint and Notice of Charge without converting a motion to dismiss into a motion for summary judgment because such records are 'public document[s] of which a court may take judicial notice.'"  Ndondji v. Interpark Inc., 768 F. Supp. 2d 263, 272 (D.D.C. 2011) (alteration in original) (quoting Ahuja v. Detica Inc., 742 F. Supp. 2d 96, 101-102 (D.D.C. 2010)).

### C. Federal Rule of Civil Procedure 56

If a district court considers matter which require that a Rule 12(b)(6) motion be converted to one for summary judgment pursuant to Rule 56, the motion can be granted only if "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law, and a dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Steele v. Schafer, 535 F.3d 689, 692 (D.C. Cir. 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (internal quotation marks omitted)).

When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (citation omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." Id. The movant has the burden of demonstrating the absence of a genuine issue of material fact and that the non-moving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In responding to a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Accordingly, the non-moving party must not rely on "mere allegations or denials . . . but . . . must set forth specific facts showing that there [are] genuine issue[s] for trial." Anderson, 477 U.S. at 248 (second omission in original) (citation and internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position [is] insufficient" to withstand a motion

for summary judgment, but rather "there must be [some] evidence on which the jury could reasonably find for the [non-movant]." Id. at 252.

"The decision to convert a motion to dismiss into a motion for summary judgment . . . is committed to the sound discretion of the trial court." Flynn v. Tiede-Zoeller, Inc., 412 F. Supp. 2d 46, 50 (D.D.C. 2006) (citation omitted). In exercising this discretion, a "reviewing court should not automatically treat a dismissal where external materials were not excluded as a summary judgment, although such treatment may be the most common result . . . . Rather, the reviewing court must assure itself that summary judgment treatment would be fair to both parties in that the procedural requirements of the applicable rules were observed." Tele-Commc'ns of Key West, Inc. v. United States, 757 F.2d 1330, 1334 (D.C. Cir. 1985). "A motion may be treated as one for summary judgment even if the parties have not been provided with notice or an opportunity for discovery if they have had a reasonable opportunity to contest the matters outside of the pleadings such that they are not taken by surprise." Bowe-Connor v. Shinseki, 845 F. Supp. 2d 77, 86 (D.D.C. 2012) (citations omitted).

### III.     ANALYSIS

The defendant moves to dismiss the plaintiff's claims of discrimination based on her disability and age, as well as her retaliation claim, contending that the plaintiff failed to exhaust her administrative remedies as to these claims. Def.'s Mem. at 1. Specifically, the defendant argues that the claims it seeks to dismiss fail as a matter of law because the plaintiff did not include them in either her administrative EEO complaint or her emails to her EEO counselor requesting that her administrative complaint be amended. See id. at 6 ("Here, neither [the] [p]laintiff's initial EEO complaint nor her two subsequent amendments to the formal EEO complaint ever mentioned that the agency somehow discriminated against her based on a

disability under the Rehabilitation Act."); id. at 7 ("[The] [p]laintiff only raises her Title VII retaliation and ADEA claims for the first time in federal court . . . . Therefore, [the] [p]laintiff's Title VII retaliation and ADEA claims should also be dismissed for failure to exhaust administrative remedies.").

Title 29 of the Code of Federal Regulations sets forth the administrative process for filing discrimination complaints against the federal government. First, one who believes she has been subjected to discrimination by her federal-government employer "must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory . . . ." Id. § 1614.105(a)(1). "At the initial counseling session, Counselors must advise individuals in writing of their rights and responsibilities, including . . . that only the claims raised in pre-complaint counseling . . . may be alleged in a subsequent complaint filed with the agency." Id. § 1614.105(b)(1). If the matter is not resolved by the pre-complaint counseling, "the aggrieved person shall be informed in writing by the Counselor . . . of the right to file a discrimination complaint." Id. § 1614.105(d). The complainant then has fifteen days to file a formal administrative complaint. Id. § 1614.106(b).

"A plaintiff fails to exhaust her administrative remedies when the complaint she files in federal court includes a claim that was not raised in the administrative complaint." Mogenhan v. Shinseki, 630 F. Supp. 2d 56, 60 (D.D.C. 2009); see also Singleton v. Potter, 402 F. Supp. 2d 12, 32 (D.D.C. 2005) ("[A]s the D.C. Circuit has emphasized: 'Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge.'" (quoting Marshall v. Fed.

Express Corp., 130 F.3d 1095, 1098 (D.C. Cir. 1997))).  This exhaustion requirement is not a "mere technicality," but "serves the important purposes of giving the charged party notice of the claim and narrow[ing] the issues for prompt adjudication and decision."  Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995) (internal quotation marks omitted).

### A. The Plaintiff's Claim of Discrimination Based on a Disability

"The exclusive remedy for federal employees alleging that federal agencies engaged in disability discrimination is Section 501 of the Rehabilitation Act . . . ."  Rand v. Geithner, 609 F. Supp. 2d 97, 100 (D.D.C. 2009).  "Federal employees may file a . . . Rehabilitation Act action in federal court only after exhausting administrative remedies before the relevant federal agency for each allegedly discriminatory act."  Mahoney v. Donovan, 824 F. Supp. 2d 49, 58 (D.D.C. 2011).  "A failure to exhaust administrative remedies for Rehabilitation Act claims is a jurisdictional defect, requiring dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1)."  Id. (citing Spinelli v. Goss, 446 F.3d 159, 162 (D.C. Cir. 2006)).  And because it "is a jurisdictional requirement," the "[p]laintiff has the burden to plead and prove" exhaustion of claims brought under the Rehabilitation Act.  Carty v. District of Columbia, 699 F. Supp. 2d 1, 2 n.2 (D.D.C. 2010).  While "every detail of the eventual complaint need not be presaged in the [administrative] filing," the substance of the plaintiff's Rehabilitation Act claim "must fall within the scope of 'the administrative investigation that can reasonably be expected to follow the charge of discrimination.'"  Marshall, 130 F.3d at 1098 (quoting Park, 71 F.3d at 907).

In its motion for partial dismissal of the plaintiff's disability claim, the defendant argues that the plaintiff failed to exhaust her administrative remedies because "neither her initial EEO complaint nor her two subsequent amendments to the formal EEO complaint ever mentioned that the agency somehow discriminated against her based on a disability under the Rehabilitation

9

Act." Def.'s Mem. at 6. As the defendant correctly notes, the plaintiff checked only the boxes for "Race or Color" and "Sex" as the bases for the alleged discrimination on her EEO complaint, and did not check the box for disability. Def.'s Mem. at 6 (citing Def.'s Mem., Ex. A (EEO Complaint), at 1). The Court notes, however, that this fact, alone, is not dispositive because "[w]hile the boxes aid a claimant in identifying the nature of her charge, a claimant is not necessarily limited to the boxes she selected if she provides the basis for her claim in her written explanation." Robinson-Reeder v. Am. Council Educ., 532 F. Supp. 2d 6, 13 (D.D.C. 2008). But the written explanation in the plaintiff's administrative complaint and subsequent emails requesting to amend the complaint lack any reference to a disability or discrimination based on a disability. See Def.'s Mem., Ex. A (EEO Compl.); Def.'s Mem., Ex. B (January 2010 email); Def.'s Mem., Ex. C (August 2010 email). Thus, the plaintiff's administrative complaint fails to provide "sufficient factual matter from which this Court may draw the reasonable inference that she timely exhausted her Rehabilitation Act claims." See Rosier v. Holder, 833 F. Supp. 2d 1, 8 (D.D.C. 2011) (internal quotation marks omitted). And "[t]o permit [the] [p]laintiff to proceed on her . . . disability claim[] when she had omitted [it] from her formal administrative complaint would permit her to bypass the . . . administrative process." Mogenhan, 630 F. Supp. 2d at 61 (internal quotation marks omitted). Moreover, the plaintiff's opposition does not refute or even address the exhaustion of her claims with respect to disability discrimination. See Pl.'s Opp'n. For these reasons, the Court concludes that the plaintiff has failed to exhaust her administrative remedies with respect to this claim, and must grant the defendant's motion to dismiss the plaintiff's claim of disability discrimination.

**B. The Plaintiff's Claims of Age Discrimination and Title VII Retaliation**

Similarly, the defendant contends that the plaintiff failed to exhaust her administrative remedies with respect to her claims of age discrimination under the ADEA and retaliation under Title VII because her "federal court Complaint is the first time that she alleges" these claims. Def.'s Mem. at 9. As with other forms of alleged discrimination, plaintiffs must first exhaust their administrative remedies under Title VII and the ADEA by raising these claims in an administrative complaint. See, e.g., Ndondji, 768 F. Supp. 2d at 276 ("Under Title VII, a plaintiff must timely exhaust his administrative remedies before bringing an action in federal court . . . . Only those claims that are contained in the administrative complaint or that are 'like or reasonably related' to the allegations of the administrative complaint can be raised in a Title VII lawsuit." (citations omitted)); Alfred v. Scribner Hall & Thompson, LLP, 473 F. Supp. 2d 6, 9 (D.D.C. 2007) ("[T]he ADEA requires an aggrieved party to file an administrative claim with the EEOC before initiating a civil action in federal court."). But unlike claims filed pursuant to the Rehabilitation Act, "failure to exhaust administrative remedies under the ADEA and Title VII is an affirmative defense, not a jurisdictional requirement." Koch v. Walter, 935 F. Supp. 2d 164, 170 (D.D.C. 2013). Thus, "[p]rudential exhaustion under Title VII and the ADEA, by contrast, is evaluated under Rule 12(b)(6) for failure to state a claim . . . ," id. at 170-71, and it is the defendant's "burden to show that [the plaintiff] did not exhaust [her] remedies for the claims brought under those statutes," id. at 170.

At this juncture, the Court notes that, in support of its motion, the defendant has attached seven exhibits to its brief that are not incorporated in the plaintiff's federal Complaint. See Def.'s Mem., Ex. A (EEO Complaint); Def.'s Mem., Ex. B (January 2010 email); Def.'s Mem., Ex. C (August 2010 email); Def.'s Mem., Ex. D (Jacksonville Vacancy Announcement); Def.'s

Mem., Ex. E (Harrisburg Vacancy Announcement); Def.'s Mem., Ex. F (September 11, 2009 Jacksonville Selection Announcement); Def.'s Mem., Ex. G (January 8, 2010 Harrisburg Selection Announcement). While the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction,"[3] Jerome, 402 F.3d at 1253, it is limited in its consideration of a Rule 12(b)(6) motion to "the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice," Abhe, 508 F.3d at 1059. If "matters outside the pleadings are presented to and not excluded by the court, the motion [to dismiss] shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d). Where, as here, the defendant alleges a failure to exhaust administrative remedies under Title VII and the ADEA, the Court, in addition to the pleadings, "may only consider [the] [p]laintiff's EEOC Complaint and Notice of Charge . . . without converting the motions to dismiss." Ahuja, 742 F. Supp. 2d at 103 (citation omitted) (noting that these are "public document[s] of which a court may take judicial notice"). As both parties rely on other documents, such as emails from the plaintiff that attempt to amend her administrative complaint, the Court, "in an abundance of caution and consistent with . . . prior practice [by members of this Court], . . . shall convert the [defendant's] motion[] to dismiss to [a] motion[] for summary judgment." See id. (citing Langley v. Napolitano, 677 F. Supp. 2d 261, 263 (D.D.C. 2010) ("[I]t is probably the better practice for a district court always to convert to summary judgment so as to avoid . . . question[s] as to whether the attached exhibits were properly consider[ed] in ruling upon a motion to dismiss under Rule 12(b)(6)") (second alteration in original)).

---

[3] Thus, the consideration of these materials was appropriate in the Court's resolution, supra, of whether the plaintiff exhausted her administrative remedies with respect to her claims of discrimination based on an alleged disability.

With respect to the plaintiff's discrimination claims based on her age, it is clear from the record that she failed to exhaust her administrative remedies. Review of the plaintiff's administrative complaint and subsequent amendments of it indicates that she neither checked the "Age" box as a basis for the alleged discrimination nor provided any factual details in her written explanation to suggest that she intended to assert an age discrimination claim. See Def.'s Mem., Ex. A (EEO Compl.); Def.'s Mem., Ex. B (January 2010 email); Def.'s Mem., Ex. C (August 2010 email). Moreover, the plaintiff's opposition does not refute or even address the exhaustion of her claims with respect to age discrimination. See Pl.'s Opp'n. Thus, the Court must dismiss the plaintiff's age discrimination claim because she failed to exhaust administrative remedies as to this claim. See Alfred, 473 F. Supp. 2d at 9 (dismissing a claim of age discrimination filed pursuant to the ADEA because "nothing in [the claimant's] EEOC charge sheet or her written complaint to the EEOC supports [the] assertion" that she filed any such a claim).

With respect to the plaintiff's retaliation claim, the record lacks the clarity necessary for the Court to enter summary judgment for the defendant. While the plaintiff's initial administrative complaint does not reference any claims of retaliation, see Def.'s Mem., Ex. A (EEO Formal Complaint), the defendant acknowledges that the plaintiff subsequently emailed her EEO counselor on at least two separate occasions attempting to amend her administrative complaint, see Def.'s Mem., Ex. B (January 2010 email); Def.'s Mem., Ex. C (August 2010 email). In fact, the second email indicates the plaintiff's intent to amend her complaint and add a claim for "constant harassment and retaliation." Def.'s Mem., Ex. C (August 2010 email). Based on the record before the Court, it remains unclear whether the allegations in this email were accepted for investigation, whether her complaint was, in fact, amended in any manner, or whether the plaintiff received any response to this email. This lack of clarity creates genuine

issues of material fact that precludes summary judgment on this claim. See, e.g., Bowe-Connor, 845 F. Supp. 2d at 88 ("At this time, the record is unclear regarding what matters [the claimant] in fact raised in her discussion with EEO Counselors and whether her letter objecting to her dismissed claims received a response or was otherwise acknowledged by EEO Officers. The unexplained discrepancy between [the claimant]'s [administrative] complaint and the subsequent agency documents raises a factual dispute with respect to whether these claims were exhausted . . . ."); Smith-Thompson v. District of Columbia, 657 F. Supp. 2d 123, 137-38 (D.D.C. 2009) (denying a motion to dismiss based on the claimant's failure to exhaust administrative remedies "[g]iven the number of potentially pertinent factual issues that remain[ed] unresolved").

Moreover, the Court notes that the exhaustion requirement "should not be construed to place a heavy technical burden" on the plaintiff. See Fennell v. AARP, 770 F. Supp. 2d 118, 126 (D.D.C. 2011) (citing Park, 71 F.3d at 907). Indeed, "[i]t has long been settled that EEO charges be construed liberally in the context of exhaustion to favor complainants who, as a group, are largely unskilled in the formalities of legal pleading." Lyles v. District of Columbia, 777 F. Supp. 2d 128, 136 (D.D.C. 2011). Because the defendant bears the burden of demonstrating the absence of a genuine issue of material fact with respect to a motion for summary judgment, Celotex, 477 U.S. at 322, and the Court having determined that this burden has not been satisfied, the defendant's motion with respect to the plaintiff's retaliation claim must be denied.[4]

---

[4] In its reply brief, the defendant also contends that the retaliation claim should be dismissed because the plaintiff "did not raise [it] with an EEO counselor within the 45-day time limit," Pl.'s Reply at 4, and because the plaintiff "has not shown that she suffered a materially adverse personnel action" with respect to the alleged retaliation. The Court treats these arguments as waived because they were raised for the first time in the defendant's reply brief. See, e.g., Williams v. The BluePRINT, LLC, 952 F. Supp. 2d 209, 213 (D.D.C. 2013) ("Having waited to advance this argument until his reply, [the plaintiff] has waived it."); Lindsey v. District of Columbia, 879 F. Supp. 2d 87, 95 (D.D.C. 2012) ("[B]ecause the [defendant] raised this argument for the first time in its reply brief, it is waived.").

## IV.     CONCLUSION

For the foregoing reasons, the Court concludes that it must grant the defendant's motion to dismiss with respect to the plaintiff's claims of discrimination based on her age and alleged disability, but deny the defendant's motion to dismiss with respect to the plaintiff's retaliation claim.

**SO ORDERED** this 9th day of March, 2015.[5]

REGGIE B. WALTON
United States District Judge

---

[5] An order consistent with this Memorandum Opinion shall be issued contemporaneously.